UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR KOROSTELEV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES.,<br><br>　　　　Defendant. | No.  2:25-cv-1831-DAD-CKD (PS)<br><br><br>ORDER |

　　　　Plaintiff Vladimir Korostelev proceeds without counsel[1] and alleges he was denied a full-term California driver's license in violation of the REAL ID Act and his rights under the Fourteenth Amendment to the United States Constitution. Plaintiff's request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915 and is granted. However, the complaint must be dismissed because the only named defendant is immune from suit and because the allegations fail to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

/////

/////

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

I. **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

II. **Plaintiff's Allegations**

On March 19, 2025, plaintiff applied for a REAL-ID compliant driver's license and provided a valid Employment Authorization which clearly lists his immigration category as A05 (asylee). The California Department of Motor Vehicles ("DMV") in Newhall, California, issued plaintiff a driver's license marked "LIMITED-TERM." However, as an individual with approved asylum status, plaintiff alleges he should have been issued a full-term license. Plaintiff cites 6 CFR 37.21[2] and 6 CFR § 37.3[3] and asserts rights or claims under the REAL-ID Act, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. The sole named defendant is the California Department of Motor Vehicles.

III. **Discussion**

Having performed the screening required by 28 U.S.C. § 1915, the court finds the complaint fails to state a claim. First, the only named defendant is immune from suit in federal court under the Eleventh Amendment. Second, even if plaintiff named a defendant not immune from suit, the complaint's allegations are deficient for the following reasons: (1) no private cause of action exists under the REAL ID Act; (2) plaintiff fails to allege facts under which he has a constitutionally protected liberty or property interest in receiving a full-term driver's license

---

[2] "States may only issue a temporary or limited-term REAL ID driver's license or identification card to an individual who has temporary lawful status in the United States." 6 C.F.R. § 37.21.

[3] A person in "temporary lawful status" includes a person who has a pending application for asylum in the United States, while a person in "lawful status" includes an alien who has an approved application for asylum in the United States. See 6 C.F.R. § 37.3.

1  which is required for a due process claim; and (3) the complaint does not plead any specific facts
2  showing a difference in treatment susceptible of an inference of discriminatory intent which is
3  required for an equal protection claim. "[N]aked assertions," "labels and conclusions" or "a
4  formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Bell
5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Because plaintiff is being granted an
6  opportunity to amend, the court sets forth the following relevant legal standards.

Eleventh Amendment Immunity

8  As a state agency, the California Department of Motor Vehicles is immune from suit in
9  federal court under the Eleventh Amendment. See Aholelei v. Dep't of Pub. Safety, 488 F.3d
10 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal
11 court against a state, its agencies, and state officials acting in their official capacities."). In
12 contrast, the Eleventh Amendment does not bar suits against state officials in their personal
13 capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991).

REAL ID Act

15 "[T]he [REAL ID] Act does not provide for a private cause of action[.]" Firsov v. City &
16 Cnty. of Honolulu, No. CV 23-00429 LEK-KJM, 2025 WL 448430, at *4 (D. Haw. Feb. 10,
17 2025). Among other things, the REAL ID Act of 2005 codified at Title 49 United States Code
18 Section 30301, et seq., establishes standards for the National Driver Register, provides for reports
19 to be made to the Secretary of Transportation, provides state entities with means to access the
20 register of driving record information, and provides for criminal penalties for the unauthorized
21 disclosure of information. See 49 U.S.C. §§ 30302, 30304-05, 30307. "[W]here the text and
22 structure of a statute provide no indication that Congress intends to create new individual rights,
23 there is no basis for a private suit, whether under [42 U.S.C.] § 1983 or under an implied right of
24 action." Gonzaga Univ. v. Doe, 536 U.S. 273, 287 (2002).

Fourteenth Amendment Rights

26 To state a claim for a violation of federal constitutional rights under 42 U.S.C. § 1983,
27 including a violation of Fourteenth Amendment rights to due process or equal protection of the
28 laws, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States

1  was violated, and (2) the alleged violation was committed by a person acting under color of state
2  law. See West v. Atkins, 487 U.S. 42, 48 (1988); Azul-Pacifico, Inc. v. City of Los Angeles, 973
3  F.2d 704, 705 (9th Cir. 1992) ("a litigant complaining of a violation of a constitutional right must
4  utilize 42 U.S.C. § 1983").

5        To state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1)
6  a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of
7  adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd.
8  of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the
9  United States Constitution or from state law. See Meachum v. Fano, 427 U.S. 215, 223-27
10 (1976); Shanks v. Dressel, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that
11 compels a result upon compliance with certain criteria, none of which involve the exercise of
12 discretion by the reviewing body, creates a constitutionally protected property interest). Where a
13 constitutionally protected liberty or property interest is at stake, determination of what process is
14 due is a fact-specific inquiry. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

15       To state an equal protection claim under 42 U.S.C. § 1983, a plaintiff must generally show
16 the defendants acted with an intent or purpose to discriminate against the plaintiff based upon
17 membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th
18 Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or…
19 facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe
20 Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). The appropriate level of scrutiny for
21 a claim alleging disparate treatment of asylees is "rational basis" review. See Firsov, 2025 WL
22 448430, at *9 (asylees who are lawful permanent residents residing in the United States seeking
23 REAL IDs are not a protected class). Under "rational basis" review, official action must be
24 "rationally related to a legitimate state interest" to withstand scrutiny. City of Cleburne, Tex. v.
25 Cleburne Living Ctr., 473 U.S. 432, 440 (1985).

26    **IV.   Conclusion and Order**

27       The sole named defendant is immune from suit and the complaint fails to state a claim
28 upon which relief can be granted. Plaintiff is granted leave to file an amended complaint but is

4

not obligated to file an amended complaint. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend for failure to state a claim.
3. Within 30 days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  September 12, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, koro25cv1831.scrn

5