UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR KOROSTELEV, | No. 2:25-cv-1831-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| STEVE GORDON, et al., | |
| Defendants. | |

Plaintiff Vladimir Korostelev proceeds in forma pauperis and without counsel and alleges he was denied a full-term California driver's license in violation of his rights under the Fourteenth Amendment to the United States Constitution. Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's first amended complaint ("FAC") is before the court for screening.

I.   **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

1

## II. Plaintiff's Allegations

Plaintiff was granted asylum in the United States in 2024 and has a pending application for lawful permanent residence ("LPR") status. (ECF No. 5 at 3.) Defendants are Steve Gordon, as Director of California Department of Motor Vehicles ("DMV"), and Juan Cornejo, as Chief Counsel and Deputy Director of Legal Affairs Division. (Id. at 2.)

On March 27, 2025, defendants, acting through policies and procedures, issued plaintiff a driver's license marked "LIMITED-TERM" in violation of federal REAL ID regulations and official DHS guidance. (ECF No. 5 at 3-4.) As an individual with approved asylum status, plaintiff alleges he should have been issued a full-term license under 6 C.F.R. § 37.3 and 6 C.F.R. § 37.21. Instead, DMV determines whether to issue a limited-term or full-term license based on whether the applicant's legal presence document "expires in more than five years from the date you applied." (Id. at 4.) Thus, plaintiff alleges, DMV's policies misclassify approved asylees as having temporary lawful status. (Id.) Plaintiff requested correction and submitted a formal complaint to DMV to no avail. (Id.)

Plaintiff brings claims under 42 U.S.C. § 1983 asserting violations of his rights to procedural due process (Count I) and equal protection of the laws (Count II). (ECF No. 5 at 5-6.) He seeks declaratory relief and injunctive relief. (Id. at 6.)

## III. Discussion

The FAC fails to state a claim. To state a claim for a violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983").

To state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the

1  United States Constitution or from state law. See Meachum v. Fano, 427 U.S. 215, 223-27
2  (1976); Shanks v. Dressel, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that
3  compels a result upon compliance with certain criteria, none of which involve the exercise of
4  discretion by the reviewing body, creates a constitutionally protected property interest). Where a
5  constitutionally protected liberty or property interest is at stake, determination of what process is
6  due is a fact-specific inquiry. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

7        Plaintiff alleges Cal. Veh. Code § 12801.9 requires the DMV to comply with federal
8  REAL ID standards and creates a statutory entitlement for qualified applicants to receive properly
9  classified licenses. (ECF No. 5 at 3.) However, Cal. Veh. Code § 12801.9 applies specifically to a
10 "person who is unable to submit satisfactory proof that the applicant's presence in the United
11 States is authorized under federal law" Cal. Veh. Code § 12801.9(a)(1) and does not apply to
12 plaintiff or other applicants who are able to submit satisfactory proof of their legal presence in the
13 United States. This section, further, does not create a statutory entitlement for any applicant to
14 receive a full-term license instead of a limited-term license. Plaintiff does not identify any state
15 law that creates a liberty interest in receiving a full-term driver's license.

16       Plaintiff also advances 6 C.F.R. § 37.3, 6 C.F.R. § 37.21, and the REAL ID FAQs as
17 requiring that he be issued a full-term driver's license. These provisions do not arise from the
18 United States Constitution or from state law and therefore do not set forth a liberty or property
19 interest protected by the due process clause.

20       Moreover, the additional provisions identified by plaintiff also do not support his
21 assertions that defendants' policies violate federal REAL ID regulations and official DHS
22 guidance. First, the "REAL ID FAQ" plaintiff quotes states certain individuals "are *eligible* for a
23 full-term REAL ID license or identification card" but does not state those individuals must be
24 issued a full-term license. (ECF No. 5 at 3 (emphasis added).) See https://www.tsa.gov/real-
25 id/real-id-faqs. Second, under 6 C.F.R. § 37.21, in relevant part, "[s]tates may only issue a
26 temporary or limited-term REAL ID driver's license or identification card to an individual who
27 has temporary lawful status in the United States." 6 C.F.R. § 37.21. Under 6 C.F.R. § 37.21, "[a]
28 person in temporary lawful status includes, among others, a person who… has a pending

application for LPR (lawful permanent residence). 6 C.F.R. § 37.3. Plaintiff has a pending application for LPR status. Thus, under 6 C.F.R. § 37.3 and 6 C.F.R. § 37.21, defendants may issue a limited-term license to plaintiff. The FAC does not identify any federal law or DHS guidance expressly stating approved asylees are entitled to full-term licenses.[1]

The FAC fails to allege facts under which plaintiff has a constitutionally protected liberty or property interest in receiving a full-term driver's license. Thus, the FAC does not state a procedural due process claim.

In order to state a claim for a violation of equal protection under 42 U.S.C. § 1983, a plaintiff must state allegations that are at least susceptible of an inference that the defendants acted with an intent or purpose to discriminate based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005); Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). The appropriate level of scrutiny for an equal protection claim alleging disparate treatment of asylees is "rational basis" review. See Firsov v. City & Cnty. of Honolulu, No. CV 23-00429 LEK-KJM, 2025 WL 448430, at *8 (D. Haw. Feb. 10, 2025) (holding that asylees who are lawful permanent residents residing in the United States seeking REAL IDs are not a protected class). Under "rational basis" review, official action must be "rationally related to a legitimate state interest" to withstand scrutiny. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).

The complaint does not plead any specific facts showing a difference in treatment susceptible of an inference of discriminatory intent. Although plaintiff alleges in conclusory

---

[1] Plaintiff appears to assert 6 C.F.R. § 37.3 has such a requirement when read with 6 C.F.R. § 37.21, but it does not. The FAC alleges that under 6 C.F.R. § 37.3, persons with "approved application for asylum" have "lawful status," while those with only "pending application of asylum" have "temporary lawful status." (ECF No. 5 at 3.) However, plaintiff quotes only portions of the respective definitions for the two terms and in doing so misconstrues the regulatory definitions, which are not mutually exclusive of each other. True, a person like plaintiff who has an approved application for asylum in the United States falls within the definition for "lawful status." However, the definition for "lawful status" explicitly states it "does not affect other definitions or requirements that may be contained in the Immigration and Nationality Act or other laws." See 6 C.F.R. § 37.3. In addition, relevant to plaintiff's situation, a person who has a pending application for lawful permanent residence (LPR) meets the definition for both "lawful status" and "temporary lawful status." See id.

4

fashion that defendants' policies systematically classify approved asylees as having "temporary lawful status" while correctly classifying other lawful immigration categories, no well-pleaded facts allow the court to draw such an inference. To the contrary, the FAC alleges DMV determines whether to issue a limited-term or full-term license based on whether the applicant's legal presence document expires more than five years from the date of application, which is not a distinction based on being an asylee as compared to other lawful immigration categories. In addition, the FAC does not plausibly allege there is no rational basis for issuing a limited-term license to a person who meets the definition of having "temporary lawful status" under 6 C.F.R. § 37.3 and who, therefore, may be issued a limited-term license under 6 C.F.R. § 37.21. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

### IV. Conclusion and Order

The FAC fails to state a claim upon which relief can be granted. Although it appears plaintiff will be unable to state a claim for relief based on the underlying facts, plaintiff is granted another opportunity to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given, leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). Plaintiff is not obligated to file a further amended complaint. If plaintiff files an amended complaint, it should be titled "Second Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 5) is dismissed with leave to amend for failure to state a claim.

////
////
////
////

2. Within 30 days from the date of service of this order, plaintiff may file a further amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: December 9, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, koro25cv1831.scrn.fac